UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KELLY CURTIS,

                              Plaintiff,

v.                                                          Case # 21-CV-6561-FPG

                                                                 DECISION AND ORDER

SPEEDWAY LLC,

                              Defendant.
_____

## INTRODUCTION

On May 7, 2021, Plaintiff Kelly Curtis ("Plaintiff") brought this action against Defendant Speedway LLC ("Defendant" or "Speedway") in the Supreme Court of the State of New York, County of Ontario, alleging that she was injured by Defendant's negligence in causing, creating, or permitting a dangerous condition within its premises. ECF No. 1. Specifically, Plaintiff alleges that Defendant's negligence caused her to slip and fall in Defendant's parking lot. *Id*. On August 31, 2021, Defendant removed this action to this Court pursuant to 28 U.S.C. § 1332[1] and 28 U.S.C. § 1441. *Id*.

On February 2, 2023, Defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 32. On March 2, 2023, Plaintiff responded. ECF No. 35. On March 16, 2023, Defendant replied. ECF No. 37. For the reasons set forth below, Defendant's motion for summary judgment is GRANTED.

---

[1] Defendant and its parent company are Delaware limited liability companies and Plaintiff is a citizen and resident of New York. ECF No. 1 at 3. Defendant's parent company is owned by diverse parties under 28 U.S.C. § 1332. *Id*. Plaintiff seeks compensatory damages not to exceed $1,000,000.00. *See* ECF No. 1 at 4.

1

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment" if the moving party "shows that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). "Where the moving party demonstrates 'the absence of a genuine issue of material fact,'" *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting *Celotex Corp.*, 477 U.S. at 323), "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (1986) (emphasis in original). "Only disputes over facts that might affect the outcome of the suit under the governing law" are "material." *Id.* at 248. A dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In deciding a motion for summary judgment, the Court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Angulo v. Nassau Cnty.*, 89 F. Supp. 3d 541, 548 (E.D.N.Y. 2015) (quoting another source). "Only when reasonable minds could not differ as to the import of evidence is summary

judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).  Indeed, "[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 82–83 (2d Cir. 2004) (citations omitted).

But a "mere scintilla of evidence" in favor of the nonmoving party will not defeat summary judgment.  *Anderson*, 477 U.S. at 252.  A nonmoving party must do more than cast a "metaphysical doubt" as to the material facts; it must "offer some hard evidence showing that its version of the events is not wholly fanciful." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) ("When a motion for summary judgment is properly supported by documents or other evidentiary materials, the party opposing summary judgment may not merely rest on the allegations or denials of his pleading....").

## FACTUAL BACKGROUND

On January 20, 2021, Plaintiff suffered a fall sometime between 9:00 a.m. and 9:15 a.m. in the parking lot of a Speedway convenience store in Farmington, New York.  ECF No. 35-5 at 1. The weather was snowy the morning of Plaintiff's fall.  *Id*.  After attempting to fill her gas tank, Plaintiff walked to the entrance of the store to request assistance with her gas cover, but fell as she approached the sidewalk in front of the entrance, while she was still in the parking lot.  *Id*. at 2. Video footage confirms that Plaintiff fell in the parking lot and had not yet reached a curb or sidewalk.  *Id*. at 3.  The area in which Plaintiff fell contained snow and slush, but the presence of ice is in dispute.  *Id*. at 4.  After Plaintiff fell, she spoke with Speedway General Manager Rachel Rast, who prepared an incident report which stated that Plaintiff "lost her footing and fell, she

heard a pop and thinks it is her hip[,]" and that Plaintiff believed slush may have built up on the soles of her boots. *Id*. at 5.

Kailey Kennedy, a Speedway employee working that day, testified that it was her typical practice to shovel and salt the parking lot on mornings when it snowed. *Id*. Adam Fuller, another employee working that day, testified that he typically did so as well, and that he "absolutely" shoveled that morning, but later stated that he lacked a specific recollection of shoveling during the period before Plaintiff's fall. *Id*. at 2. Defendant's policy was to perform snow removal and salting on an "as needed" basis and apply ice melt to an area after shoveling it. *Id*. at 6, 7.

## DISCUSSION

### I. Defendant's Motion for Summary Judgment

Defendant argues that Plaintiff cannot demonstrate causation, nor that Defendant breached its duty to Plaintiff, nor that Defendant created or had actual or constructive notice of an alleged dangerous condition that it failed to correct. ECF No. 32. In addition, Defendant argues it is entitled to summary judgment under the "storm-in-progress" doctrine. *Id*.

For the reasons set forth below, the Court concludes that Plaintiff cannot show that Defendant had either actual or constructive notice of the alleged dangerous condition in its parking lot. Accordingly, Defendant's motion for summary judgment is granted.

### II. Applicable Law

Plaintiffs in New York State must show the following to establish a *prima facie* negligence claim: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Borley v. United States*, 22 F.4th 75, 76 (2d Cir. 2021) (quoting *Akins v. Glens Falls City Sch. Dist*., 53 N.Y.2d 325, 333 (1981)). There is no dispute that Defendant owed Plaintiff, as a customer, a duty "to show due care to [her] by

4

'maintain[ing] its premises in a reasonably safe condition.'" *Id*. (quoting *Kellman v. 45 Tiemann Assocs., Inc*., 87 N.Y.2d 871, 872 (1995)).  But, to prevail on her claim, Plaintiff must show that Defendant "either created the dangerous condition or had actual or constructive notice of the condition and its dangerousness." *Id*.

Plaintiff can demonstrate actual notice if Defendant "created the condition or received reports of it such that it is actually aware of the existence of the particular condition that caused the fall."  *Leandro v. Wal-Mart Supercenter Store #2104*, No. 19 CIV. 2108 (JCM), 2021 WL 2742622, at *7 (S.D.N.Y. June 30, 2021) (quoting *Cousin v. White Castle Sys., Inc*., No. 06-CV-6335JMA, 2009 WL 1955555, at *6 (E.D.N.Y. July 6, 2009)); *see also Nussbaum v. Metro-N. Commuter R.R*., 603 F. App'x 10, 12 (2d Cir. 2015) (summary order) ("Actual notice requires that a defendant receive complaints or similarly be alerted to the existence of the dangerous condition.").  Alternatively, Plaintiff can demonstrate constructive notice if the "defect [was] visible and apparent" and "exist[ed] for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it."  *Gordon v. Am. Museum of Nat. Hist*., 67 N.Y.2d 836, 837 (1986).

### III. Analysis

#### A. Causation

Defendant argues that Plaintiff cannot demonstrate causation because she "did not slip" and appears to have "simply bent over and fell."  ECF No. 32-21 at 5-6.  With video footage and expert testimony in support, Defendant argues that "no reasonable jury could conclude that Plaintiff's injury was caused in any degree by any alleged failure to prevent or remedy a buildup of snow, slush, or ice." *Id*. at 6.  The Court disagrees.

A defendant is entitled to summary judgment on causation where "there is a complete inability on the part of the plaintiff to show a causal connection between [the plaintiff's] injury and the defendant's conduct." *Barrundia v. City of New York*, No. 84 CIV. 6801 (SWK), 1988 WL 96063, at *3 (S.D.N.Y. Sept. 8, 1988) (citing *Argus, Inc. v. Eastman Kodak Co.*, 801 F.2d 38 (2d Cir. 1986)). Where there is no evidence of a causal connection or no reasonable trier of fact could conclude that the alleged negligence was a proximate cause of the injury, summary judgment on this issue is warranted. *See, e.g., Junger v. Singh*, 393 F. Supp. 3d 313, 324-25 (W.D.N.Y. 2019); *Baughn v. Pride Mobility Prods. Corp.*, 221 F. App'x 14, 15 (2d Cir. 2007) (summary order); *Kennedy v. Adamo*, 323 F. App'x 34, 35 (2d Cir. 2009) (summary order). Generally, though, courts should deny applications for summary judgment when there is an identifiable dispute over proximate cause. *Margrave v. British Airways*, 643 F. Supp. 510, 513 (S.D.N.Y. 1986).

Here, Defendant asserts, with support from expert witness Dr. Levitan, that Plaintiff "did not slip" because the video footage shows that "the kinematics of Plaintiff's fall . . . are inconsistent with the biomechanics of a slip event." ECF No. 32-21 at 5-6. Because, however, the video footage is not "a continuous real time video depiction of the fall" and appears to have been recorded "frame by frame[,]" the Court concludes that summary judgment on this issue of causation is not warranted. ECF No. 35-6 at 9-10. While the expert testimony and video footage adduced by Defendant may show that Plaintiff's fall was unusual, the Court is not persuaded that "reasonable minds could not differ" as to whether Plaintiff slipped or whether Plaintiff's fall was caused by an alleged dangerous condition in Defendant's parking lot, *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991), especially where the presence of ice in the lot before the fall is in dispute.

*See* ECF No. 35-5 at 1. Viewing this evidence in the light most favorable to Plaintiff, Defendant's motion for summary judgment is denied with respect to causation.

### B. Storm-in-Progress

Defendant contends it is entitled to judgment as a matter of law under the "storm-in-progress" doctrine. ECF No. 32-21 at 10. Plaintiff argues that this defense is not applicable to the present action. ECF No. 35-6 at 15. For the reasons below, the Court agrees with Plaintiff.

"Under New York law, when ruling on a tort action involving a plaintiff's fall on snow or ice, a special rule comes into play." *Olejniczak v. E.I. du Pont de Nemours & Co.*, 79 F. Supp. 2d 209, 216 (W.D.N.Y. 1999). Under the "storm-in-progress" doctrine, "a landowner has a reasonable time in which to address a storm-related snow or ice condition on its property subsequent to the cessation of the storm and is not required to take any corrective actions while a storm is still in progress." *Reynolds v. Sead Development Group*, 684 N.Y.S.2d 361, 362 (1999). Thus, in cases where plaintiffs have sued for injuries sustained from falling on snow or ice, New York courts have granted summary judgment in favor of the defendants if the evidence shows that a storm was in progress at the time of the plaintiffs' fall. *See, e.g., id*. at 362; *Micheler v. Gush*, 684 N.Y.S.2d 297, 298 (3d Dep't 1998); *Swartz v. Liberatore*, 678 N.Y.S.2d 552, 552 (4th Dep't 1998); *Zonitch v. Plaza at Latham L.L.C.*, 680 N.Y.S.2d 304, 305 (3d Dep't 1998); *Jensen v. Roohan*, 649 N.Y.S.2d 100, 100 (3d Dep't 1996); *Zima v. North Colonie Central Sch. Dist.*, 639 N.Y.S.2d 558, 558 (3d Dep't 1996).

"The storm in progress doctrine is not limited to situations where blizzard conditions exist; it also applies in situations where there is some type of less severe, yet still inclement, winter weather." *Olejniczak*, 79 F. Supp. 2d at 216 (citing *Micheler*, 684 N.Y.S.2d at 298 (finding "storm-in-progress" doctrine barred liability for defendant where "ice on which plaintiff slipped

was produced by winter weather conditions—namely, a drizzling rain coupled with falling temperatures")); *Zonitch*, 680 N.Y.S.2d at 305 (holding that "like icy sidewalks and snow-covered parking lots, a wet, slippery entranceway, caused by tracked-in snow and slush, is a reality of winter weather which a landowner ordinarily is not required to rectify until the underlying weather condition has abated"); *Zima*, 639 N.Y.S.2d at 558 (finding that "although it is clear that no major winter storm occurred at the time of the accident, the undisputed proof sufficiently establishes the existence of an ongoing hazardous weather condition that defendant was under no obligation to correct until a reasonable time after it had ended.").

Here, Defendant fails to present sufficient evidence to establish that a winter storm was in progress before Plaintiff's fall. Defendant rightly observes that the video footage and witness testimony of Fuller and Rast establish that the weather was "snowy" and "cold" on the day in question, but fails to present evidence that a storm or "ongoing hazardous weather condition[s]" were occurring such that Defendant's duty to maintain the safety of its premises before Plaintiff's fall were discharged. *Zima*, 639 N.Y.S.2d at 558. In other words, while it is undisputed that Defendant experienced "snowy" weather on the day of Plaintiff's fall, Defendant offers no evidence to show that a "storm" or unusually hazardous weather conditions were occurring, beyond what may be typical for a Western New York winter, such that the "storm-in-progress" doctrine might apply. *See* ECF 35-5 at 1; *see also Olejniczak*, 79 F. Supp. 2d at 216 (citing extensive testimony and summary of climatological data proffered to support claim of severe weather and availability of "storm-in-progress" defense). In addition, the video footage suggests that snow was not falling before or at the time of Plaintiff's fall, and Defendant offers no evidence that this absence of snow was merely a "lull" in an otherwise ongoing storm. ECF No. 35-6 at 15. While "blizzard conditions" are not necessary, more is required to establish that a storm was

occurring on the day in question. *Zima*, 639 N.Y.S.2d at 558. For these reasons, Defendant's motion for summary judgment is denied with respect to the "storm-in-progress" doctrine.

### C. Breach of Duty

Defendant argues that Plaintiff cannot show Defendant breached a generalized duty of care because Defendant had a "diligent system of inspections and routinely shoveled" and, on the day in question, "employees performed multiple inspections and performed snow removal operations multiple times." ECF No. 32-21 at 12. Moreover, Defendant states "the mere presence of naturally occurring snow is not sufficient to establish negligence on the part of the property owner in failing to remove it." *Id*. at 11. For the reasons below, the Court concludes that a genuine dispute of material fact precludes summary judgment for Defendant with respect to its alleged breach of duty.

Under New York law, a "landowner must act as a reasonable [person] in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk." *Basso v. Miller*, 386 N.Y.S.2d 564, 568 (1976).

Here, Defendant argues that "no reasonable juror" could conclude that Defendant did not maintain its property in a manner that showed reasonable care under the circumstances. ECF No. 32-21 at 11. Defendant argues that testimony from employees Kennedy and Fuller establishes that "inspections" and "snow removal operations" were performed multiple times on the morning in question. *Id*. at 12. Contrary to Defendant's assertion, the employee testimony is not conclusive on this point. It is undisputed that Fuller testified that he lacked a specific recollection of shoveling during the period before Plaintiff's fall. ECF No. 35-5 at 1. For her part, Kennedy testified that she "shoveled and salted" "at least once" that morning, but could not say when. ECF No. 32-21 at 12. While it is well-settled that the "mere presence of some snow" does not establish negligence,

9

the Court concludes that a "reasonable juror" could conclude from the above employees' failure to recollect whether they shoveled the morning in question that Defendant failed to act with reasonable care. A reasonable factfinder thus could conclude that Defendant "did not follow its standard procedure for snow removal." *Olejniczak*, 79 F. Supp. 2d at 217. Viewing this evidence in the light most favorable to Plaintiff, Defendant's motion for summary judgment with respect to an alleged breach of its duty of care is denied.

### D. Creation of the Condition and Actual Notice

Defendant argues that Plaintiff cannot show Defendant had actual notice of the alleged dangerous condition. ECF No. 32-21 at 13. Plaintiff does not claim that Defendant created the alleged dangerous condition and does not present evidence that Defendant received reports or complaints of the alleged dangerous condition. For the reasons below, the Court agrees that Defendant is entitled to summary judgment as to actual notice.

As a threshold matter, Defendant satisfied its burden under Federal Rule of Civil Procedure 56 by pointing to the lack of evidence supporting the essential elements of Plaintiff's claim. Rule 56 does not require Defendant to put forward evidence demonstrating its lack of notice. *Alger v. Von Maur, Inc.*, No. 19-CV-6698 FPG, 2021 WL 1966773, at *3 (W.D.N.Y. 2021) ("While New York's summary judgment standard indeed requires the moving party to put forth evidence in support of its motion, the federal standard does not."). The "respective burdens that the parties bear in a summary judgment motion are procedural rather than substantive and are thus subject to federal rather than state law." *Doona v. OneSource Holdings, Inc.*, 680 F. Supp. 2d 394, 396-97 (E.D.N.Y. 2010). Accordingly, Defendant need not provide evidence of its lack of actual notice and has met its burden under Rule 56.

Instead, since Defendant can establish "an absence of evidence" concerning actual notice and creation of the condition, Defendant satisfies the requirements under Rule 56 for summary judgment. *Brady v. Town of Colchester*, 863 F.2d 205, 210-11 (2d Cir. 1988) (discussing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-26 (1986)) ("In *Celotex*, the Supreme Court made it clear that in cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim."). Put differently, Plaintiff cannot meet her "burden … to present evidence from which a reasonable jury could draw the inference that Defendant created [or had actual notice of] the hazardous condition." *Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 319 (E.D.N.Y. 2014).

Here, Plaintiff has failed to raise a triable issue of fact concerning whether Defendant had actual notice of the allegedly dangerous condition in the parking lot. The record provides no indication that an employee created the alleged hazard or observed the hazard before Plaintiff's fall. Nor is there any indication that a customer or employee complained of a hazard or observed a hazard in the area prior to Plaintiff's fall. For these reasons, Defendant is entitled to summary judgment with respect to actual notice of the alleged dangerous condition.

### E. Constructive Notice

Defendant argues that Plaintiff cannot show that it had constructive notice because, even if a dangerous condition existed, "it was not 'apparent' prior to her fall." ECF No. 32-21 at 14. For the reasons below, the Court concludes that Plaintiff cannot show constructive notice.

To show that Defendant had constructive notice, Plaintiff must offer evidence that the condition was "visible and apparent and . . . existed for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Tuthill v. United States*, 270

F. Supp. 2d 395, 400 (S.D.N.Y. 2003) (citing *Gordon*, 67 N.Y.2d at 837).  Where, as here, "a plaintiff alleging negligence in the context of a slip and fall based on constructive notice cannot show facts sufficient to prove that a visible hazard existed for an appreciable amount of time, [the] defendant is entitled to summary judgment." *Gallagher v. Target Corp.*, No. 1:19-CV-38 JLS (MJR), 2020 WL 4741096, at *4 (W.D.N.Y. July 9, 2020).

Here, to prove constructive notice, Plaintiff "must demonstrate that the [alleged] icy condition was visible and apparent, and had existed for a sufficient period of time to allow [D]efendant's personnel to discover and remedy it." *Olejniczak*, 79 F. Supp. 2d at 218.  Plaintiff has presented no evidence that the alleged dangerous condition which she claims caused her fall was visible or apparent, nor that existed for enough time before the fall to allow Defendant's employees to discover it. *Id*; *see Wright v. Target Corp.*, No. 19-CV-6556-FPG-MWP, 2022 WL 1062924, at *4 (W.D.N.Y. Apr. 8, 2022).

That is, even if Plaintiff did provide evidence that the icy condition was "visible and apparent" before her fall, she has not provided evidence that it existed for enough time for the Defendant to have notice. *See Castellanos v. Target Dep't Stores, Inc*., No. 12 Civ. 2775(GWG), 2013 WL 4017166, at *4 (S.D.N.Y. Aug. 7, 2013) ("[T]he plaintiff must prove not simply that the defendant was generally aware of the existence of the dangerous condition, but that the defendant had notice of the particular condition at issue.") (internal quotation omitted).  Accordingly, "a reasonable jury could not conclude that [the dangerous condition had existed] for enough time before the accident to permit Defendant's employees to discover and remedy it." *Melanson-Olimpio v. Wal-Mart Stores E., LP*, No. 16 CIV. 8735 (NSR), 2019 WL 1060625, at *5 (S.D.N.Y. Mar. 6, 2019).

For the reasons stated, Plaintiff has failed to raise a genuine issue of material fact regarding the length of time the alleged dangerous condition existed. Therefore, "a verdict in plaintiff's favor, based solely on this record, would constitute speculation, rather than a finding of fact." *Lacey v. Target Corp.*, No. 13 CV 4098 RML, 2015 WL 2254968, at *5 (E.D.N.Y. May 13, 2015). Plaintiff's arguments to the contrary, moreover, are not persuasive.

Plaintiff argues that constructive notice can be shown because Defendant allegedly failed to conduct "frequent inspections of the exterior of the building for slush, snow and ice buildup[,]" and the issue of constructive notice is "irrelevant where [D]efendant had a duty to conduct reasonable inspections of the premises." ECF No. 35-6 at 18. Even assuming Defendant failed to perform a reasonable inspection, "[P]laintiff has not shown that a reasonable inspection would have discovered the condition," *Lacey*, 2015 WL 2254968 at *6; *see also Wright*, 2022 WL 1062924, at *4, nor that Defendant had a "sufficient length of time prior to the [fall] to permit [Defendant's employees] to discover and remedy it." *Silverman v. United States*, No. CV 04-5647 (ETB), 2008 WL 1827920, at *14 (E.D.N.Y. Mar. 28, 2008). Even construing all evidence in the light most favorable to Plaintiff, the evidence demonstrates, at most, that Defendant was "generally aware of the weather conditions" on the day Plaintiff fell, but Plaintiff offers no evidence that, before Plaintiff's fall, Defendant or any of its employees saw, were made aware of, or should have been aware of the condition in the specific location where Plaintiff fell. *Wright*, 2022 WL 1062924, at *4.

The Court notes that a defendant's "general awareness that some dangerous condition may have existed in the parking lot is insufficient, as a matter of law, to charge it with constructive notice of the specific condition … which caused the plaintiff's injuries." *Silverman v. United States*, No. CV 04–5647(ETB), 2008 WL 1827920, at *14 (E.D.N.Y. Mar. 28, 2008); *see also*

13

*Cochetti v. Wal–Mart Stores, Inc.*, 804 N.Y.S.2d 857, 859 (3d Dep't 2005) (affirming grant of summary judgment to defendant where plaintiff's evidence "fail[ed] to show anything more than a general awareness that a potentially dangerous condition might exist"); *Voss v. D & C Parking*, 749 N.Y.S.2d 76, 78 (2d Dep't 2002) ("The defendant's general awareness that some dangerous condition may have existed … is insufficient, as a matter of law, to charge it with constructive notice of the specific condition … which caused the plaintiff's injuries."). Thus, to the extent the Plaintiff seeks to hold the Defendant liable on a theory that it was generally aware of icy or snowy conditions, such a claim fails as a matter of law.

For these reasons, Plaintiff's claim must be dismissed for failure to present sufficient evidence to establish actual or constructive notice. This aspect of Defendant's motion for summary judgment is accordingly granted.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED. The Clerk of Court is directed to enter judgment for Defendant and close this case.

IT IS SO ORDERED.

Dated: June 14, 2023
      Rochester, New York

                                       HON. FRANK P. GERACI, JR.
                                       United States District Judge
                                       Western District of New York